Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 1 1 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL AVILEZ ESPINOZA (a/k/a "Sebastin Godina"),<br><br>Defendant. | Case No.: 2:23-CR-030-TOR<br><br>Plea Agreement |

Plaintiff United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, and Defendant Michael Avilez Espinoza ("Defendant"), both individually and by and through Defendant's counsel, Lorinda Youngcourt, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to enter a plea of guilty to Counts 2 and 4 of the Indictment filed on March 21, 2023, which charges Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), a Class B felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

a.    a term of imprisonment of not less than 15, but no more than 30, years;

b.    a term of supervised release of not less than 5 years, up to a lifetime;

c.    a fine of up to $250,000;

d.    an assessment of up to $50,000 pursuant to 18 U.S.C. § 2259A(a)(3);

e.    an assessment of $5,000, pursuant to the JVTA;

f.    a $100 special penalty assessment;

g.    restitution; and

h.    registration as a sexual offender.

2.    <u>Supervised Release</u>

Defendant understands that an additional, separate term of supervised release must be imposed in this case. Defendant further understands that if he violates any condition of supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of

PLEA AGREEMENT - 2

incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

PLEA AGREEMENT - 3

1          b.    a broad range of federal crimes may result in Defendant's

2                removal from the United States, including the offense to which

3                Defendant is pleading guilty;

4          c.    removal from the United States and other immigration

5                consequences are the subject of separate proceedings; and

6          d.    no one, including Defendant's attorney or the Court, can predict

7                with absolute certainty the effect of a federal conviction on

8                Defendant's immigration status.

9      Defendant affirms that Defendant is knowingly, intelligently, and voluntarily

10 pleading guilty as set forth in this Plea Agreement, regardless of any immigration

11 consequences that Defendant's guilty plea may entail.

12      5.    <u>Waiver of Constitutional Rights</u>

13      Defendant understands that by entering this guilty plea, Defendant is

14 knowingly and voluntarily waiving certain constitutional rights, including the

15 following:

16          a.    the right to a jury trial;

17          b.    the right to see, hear and question the witnesses;

18          c.    the right to remain silent at trial;

19          d.    the right to testify at trial; and

20          e.    the right to compel witnesses to testify.

21      While Defendant is waiving certain constitutional rights, Defendant

22 understands that Defendant retains the right to be assisted by an attorney through

23 the sentencing proceedings in this case and any direct appeal of Defendant's

24 conviction and sentence, and that an attorney will be appointed at no cost if

25 Defendant cannot afford to hire an attorney.

26      Defendant understands and agrees that any defense motions currently

27 pending before the Court are mooted by this Plea Agreement, and Defendant

28 expressly waives Defendant's right to bring any additional pretrial motions.

PLEA AGREEMENT - 4

6. <u>Rule 11 Nature of the Plea Agreement</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is within a range of 15 to 23 years in custody, to be followed by at least a ten-year term of Supervised Release. The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 23 years or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 15 years or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, assessment, or terms and conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, assessments, and terms and conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, assessments, and terms and conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

1   Defendant acknowledges that, if either the United States or Defendant
2   successfully withdraws from this Plea Agreement, the Plea Agreement becomes a
3   nullity, and the United States is no longer bound by any representations within it.

4       7.    Elements of the Offense

5       The United States and Defendant agree that in order to convict Defendant of
6   Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), the United
7   States would have to prove the following beyond a reasonable doubt.

8       Count 2:

9       a.    *First*, at the time of the offense, Minor Victim H was under the
10              age of 18.

11      b.    *Second*, on or between the date(s) alleged in the Indictment,
12              within the Eastern District of Washington, Defendant
13              knowingly employed, used, persuaded, induced, enticed, or
14              coerced Minor Victim H to take part in sexually explicit
15              conduct for the purpose of producing visual depictions of such
16              conduct; and

17      c.    *Third*, the visual depictions were produced using materials that
18              had been mailed, shipped, or transported in or affecting
19              interstate or foreign commerce by any means, including by
20              computer or cell phone.

21      Count 4:

22      a.    *First*, at the time of the offense, Minor Victim S was under the
23              age of 18.

24      b.    *Second*, on or between the date(s) alleged in the Indictment,
25              within the Eastern District of Washington, Defendant
26              knowingly employed, used, persuaded, induced, enticed, or
27              coerced Minor Victim S to take part in sexually explicit

28

PLEA AGREEMENT - 6

conduct for the purpose of producing visual depictions of such
conduct; and

    c.    *Third*, the visual depictions were produced using materials that
had been mailed, shipped, or transported in or affecting
interstate or foreign commerce by any means, including by
computer or cell phone.

8.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the
facts set forth below are accurate; the United States could prove these facts beyond
a reasonable doubt at trial; and these facts constitute an adequate factual basis for
Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not
preclude either party from presenting and arguing, for sentencing purposes,
additional facts that are relevant to the Sentencing Guidelines computation or
sentencing, unless otherwise prohibited in this Plea Agreement.

During the course of a sexual assault investigation, Idaho State Police
identified Minor Victim S, born in the first half of 2007. During a review of her
social media, they located recordings of Minor S having sex with Facebook
user "Sebastin Godina." Minor S disclosed that the recorded sex acts occurred
at the Fairgrounds in Waterville, Washington, within the Eastern District of
Washington. The information and electronic evidence were turned over to the
Douglas County Sheriff's Office.

Douglas County Det. Melton obtained a search warrant for the "Sebastin
Godina" Facebook account in March 2022, covering dates from January 1,
2019, to March 2, 2021. The user sent many selfie images to other users and
was identified as Defendant Espinoza, in part based on identifiable, matching
tattoos, including the name Espinoza on his chest and using the name
"Michael" with other users with whom he communicated. Within the above

PLEA AGREEMENT - 7

1   date range, Minor Victim S and Defendant communicated via Facebook
2   between November 13, 2019, and March 2, 2021.   The content of the
3   communications made it clear that the two met for sex at least two times.   On
4   December 2, 2019, Defendant sent Minor Victim S two videos of them having 
5   sexual intercourse.   The two videos appear to be from the same encounter, and
6   Defendant is holding the recording device.   In addition, Defendant requested
7   pictures of Minor Victim S's nude body and genitalia on several occasions;
8   Minor Victim S complied, sending both pictures and videos.

9   Also in Defendant's Facebook account, Detective Melton located two
10  sexually explicit videos of Defendant engaging in sexual activity with a female
11  later identified as Minor Victim H, born the first half of 2003. The first video
12  shows Minor Victim H giving Defendant oral sex.   The second video shows
13  Defendant and Minor Victim H having sexual intercourse.   Based on messages
14  between Defendant and Minor Victim H and the setting of the two videos, Detective
15  Melton concluded the date of the sexual contact and recording occurred within
16  Chelan County on or about July 8, 2019.   Detective Melton referred the
17  information to the Chelan County Sheriff's Office.

18  Chelan County Det. Lewis obtained a warrant for the "Sebastin Godina"
19  Facebook account data provided by Douglas County.   Minor Victim H and
20  Defendant communicated via Facebook March 25, 2019, through July 19,
21  2019.   The content of the communications made it clear that the two met for
22  sex at least two times.   In addition, on July 8, 2019, Defendant requested a
23  picture of Minor Victim H's freshly shaved pubic area; Minor Victim H
24  complied, sending a picture of her unclothed vaginal area.   A total of four
25  videos and one still image of Minor Victim H and Defendant engaged in sex
26  acts were found in Defendant's Facebook account data.   Defendant sent the
27  four videos to another individual, Fernanda Sofia Silva, via Facebook, on July
28  8, 2019.

PLEA AGREEMENT - 8

1    Defendant agrees that he knowingly used Minor Victims S and H to produce
2  the video and image files described herein.  Defendant also agrees that the videos
3  and images of Minor Victims S and H depict "sexually explicit conduct" and are
4  therefore child pornography.

5    Defendant acknowledges that 1) the digital devices he used to produce the
6  videos and images were manufactured outside the United States in whole or in
7  part; 2) the images captured by and recorded on the devices were produced using
8  materials that had been mailed, shipped, or transported in or affecting interstate or
9  foreign commerce; and 3) Defendant sent the child pornography videos to another
10  person using a manner and means of, and in and affecting, interstate and foreign
11  commerce.

12    9.    The United States' Agreements

13    The United States Attorney's Office for the Eastern District of Washington
14  agrees that at the time of sentencing, the United States will move to dismiss Counts
15  1, 3, 5, and 6, unless Defendant breaches this Plea Agreement.

16    The United States Attorney's Office for the Eastern District of Washington
17  agrees not to bring additional charges against Defendant based on information in
18  its possession at the time of this Plea Agreement that arise from conduct that is
19  either charged in the Indictment or identified in discovery produced in this case,
20  unless Defendant breaches this Plea Agreement.

21    10.    United States Sentencing Guidelines Calculations

22    Defendant understands and acknowledges that the United States Sentencing
23  Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine
24  Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.
25  The United States and Defendant agree to the following Guidelines calculations.
26
27
28

PLEA AGREEMENT - 9

a.   Base Offense Level

The United States and Defendant agree that the base offense level for Production of Child Pornography in violation of 18 U.S.C. § 2251(a) is 32. U.S.S.G. § 2G1.3(a)(3).

b.   Special Offense Characteristics

The United States and Defendant agree to the following offense level and enhancement calculations:

Count 2

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child pornography production | 32 | U.S.S.G. § 2G2.1(a) |
| Sexual act or sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Distribution | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Use of computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 42 | |

Count 4

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child pornography production | 32 | U.S.S.G. § 2G2.1(a) |
| Victim under 16 years old | +2 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual act or sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Distribution | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Use of computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 44 | |

c.   Acceptance of Responsibility

If Defendant clearly accepts responsibility for the offense, including all relevant conduct, Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a).  The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) Defendant qualifies for a decrease under §3 E1.1(a); (2) the offense is level 16 or greater; (3) Defendant has timely

PLEA AGREEMENT - 10

1  notified authorities of Defendant's intention to enter a plea of guilty, thereby

2  permitting the Government to avoid preparing for trial and permitting the Court to

3  allocate its resources efficiently; 4) Defendant enters a guilty plea at the first

4  available court hearing after this agreement was extended to Defendant; and 5)

5  Defendant provides complete and accurate information during the sentencing

6  process, including but not limited to financial information being sought by the

7  Court, United States Probation, and the United States Attorney's Office.  If, before

8  sentence is imposed, Defendant fails to meet the criteria set out in U.S.S.G.

9  § 3E1.1 and its Commentary or acts in a manner inconsistent with acceptance of

10  responsibility, the Government will withdraw or not make such a recommendation.

11      Defendant and the United States agree that at its option and on written notice

12  to Defendant, the United States may elect not to recommend a reduction for

13  acceptance of responsibility if, prior to the imposition of sentence, Defendant is

14  charged with, or convicted of, any criminal offense, or if Defendant tests positive

15  for any controlled substance.

16               d.    Repeat and Dangerous Sex Offender Against Minors

17      The United States and Defendant agree that Defendant's instant offense of

18  conviction is a covered sex crime[1] and that Defendant engaged in a pattern of

19  activity involving prohibited sexual conduct.[2]  Therefore, Defendant's offense

20  level shall be further adjusted according to USSG § 4B1.5(b).

21               e.    Agreements Regarding Representations to the Court

22      The United States has a duty of candor to the tribunal.  If the United States

23  and Defendant do not agree on the appropriate length of incarceration, the

24

25  [1] A "covered sex crime" is (A) an offense, perpetrated against a minor, under chapters 109A, 110, or 117 of Title 18, United States Code (excluding trafficking

26  in, receipt of, or possession of child pornography, or a recordkeeping offense), or 18 U.SC. § 1591; or (B) an attempt or a conspiracy to commit any of these (non-

27  excluded) offenses.  USSG §4B1.5 n.2.

28  [2] "Prohibited sexual conduct" includes "production of child pornography."  §4B1.5 n.4(A)

PLEA AGREEMENT - 11

appropriate length or applicable terms of supervised release, and/or the correct

guidelines calculations, variances, departures, and/or enhancements, the United

States reserves the right to respond to any and all arguments made by Defendant,

on any bases the United States deems appropriate, at all stages of this criminal

case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

    i.    The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

    iii.    The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

    iv.    The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the

PLEA AGREEMENT - 12

1    sentence recommended by the United States on any basis,

2    including arguments for a lower offense level, a lower

3    criminal history calculation, the application or non-

4    application of any sentencing enhancement or departure,

5    and/or any variance from the Guidelines range as

6    calculated by the Court;

7    vii.    In order to support the defense sentencing

8    recommendation as set forth herein, Defendant may

9    oppose and argue against any argument by the United

10    States, or any recommendation for any sentence higher

11    than the sentence recommended by the defense on any

12    basis, including arguments for a higher offense level, a

13    higher criminal history calculation, the application or

14    non-application of any sentencing enhancement or

15    departure, and/or any variance from the Guidelines range

16    as calculated by the Court;

17    viii.    The United States may make any sentencing arguments

18    the United States deems appropriate so long as they are

19    consistent with this Plea Agreement, including arguments

20    arising from Defendant's uncharged conduct, conduct set

21    forth in charges that will be dismissed pursuant to this

22    Plea Agreement, and Defendant's relevant conduct; and

23    ix.    Defendant may make any sentencing arguments

24    consistent with this Plea Agreement Defendant deems

25    appropriate.

26    f.    <u>No Other Agreements</u>

27    The United States and Defendant have no other agreements regarding the

28    Guidelines or the application of any Guidelines enhancements, departures, or

PLEA AGREEMENT - 13

1   variances. Defendant understands and acknowledges that the United States is free

2   to make any sentencing arguments it sees fit, including arguments arising from

3   Defendant's uncharged conduct, conduct set forth in charges that will be dismissed

4   pursuant to this Agreement, and Defendant's relevant conduct.

5          g.    Criminal History

6          The United States and Defendant have no agreement and make no

7   representations about Defendant's criminal history category, which will be

8   determined by the Court after the United States Probation Office prepares and

9   discloses a Presentence Investigative Report.

10    11.   Incarceration

11         At the time of Defendant's original sentencing in the District Court, the

12  United States agrees to make a sentencing recommendation to the Court that is

13  consistent with this Plea Agreement. The United States' agreement to make such a

14  recommendation is limited exclusively to the time of Defendant's original

15  sentencing in the District Court. The United States' agreement to make such a

16  recommendation does not prohibit or limit in any way the United States' ability to

17  argue for or against any future sentencing modification that takes place after

18  Defendant's original sentencing in the District Court, whether that modification

19  consists of an amendment to the Guidelines, a change to a statutory minimum or

20  maximum sentence, any form of compassionate release, any violation of

21  Supervised Release, or any other modification that is known or unknown to the

22  parties at the time of Defendant's original criminal sentencing. In this Plea

23  Agreement, the United States makes no promises or representations about what

24  positions the United States will take or recommendations the United States will

25  make in any proceeding that occurs after Defendant's original sentencing in the

26  District Court.

27         Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the

28  appropriate disposition of the case is within a range of 15 to 23 years in custody, to

PLEA AGREEMENT - 14

1   be followed by a term of Supervised Release of not less than 10 years. The United

2   States and Defendant agree to make those sentencing recommendations to the

3   Court.

4        12.   <u>Supervised Release</u>

5        The Court must impose a term of supervised release of at least five years; if

6   the Court accepts this Plea Agreement, it must impose a term of supervised release

7   of at least ten years. Defendant agrees that the Court's decision regarding the

8   conditions of Defendant's Supervised Release is final and non-appealable; that is,

9   even if Defendant is unhappy with the conditions of Supervised Release ordered by

10  the Court, that will not be a basis for Defendant to withdraw Defendant's guilty

11  plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,

12  sentence, or any term of Supervised Release.

13       The United States and Defendant agree to recommend that in addition to the

14  standard conditions of supervised release imposed in all cases in this District, the

15  Court should also impose the following conditions:

16         a.   The United States Probation Officer may conduct, upon

17              reasonable suspicion, and with or without notice, a search of

18              Defendant's person, residences, offices, vehicles, belongings,

19              and areas under Defendant's exclusive or joint control.

20         b.   Defendant shall participate and complete such drug testing and

21              drug treatment programs as the Probation Officer directs.

22         c.   Defendant shall complete mental health evaluations and

23              treatment, including taking medications prescribed by the

24              treatment provider. Defendant shall allow reciprocal release of

25              information between the Probation Officer and the treatment

26              provider. Defendant shall contribute to the cost of treatment

27              according to the Defendant's ability.

28

PLEA AGREEMENT - 15

d.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

e.    Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer with the ability to access to the Internet, and any personal computing device with the ability to access the Internet that Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. Defendant shall not possess or use any data encryption technique or program. Defendant shall purchase and use such hardware and software systems that monitor Defendant's usage of any computer that has the ability to access the Internet, as directed by the Probation Officer.

PLEA AGREEMENT - 16

f.   Defendant shall not have any contact with any child under the age of 18 outside the immediate presence of an adult and approved in advance by the Probation Officer. Defendant shall not have any contact or communications of any kind with any child via telephone, the Internet, or any social media platform. Defendant shall immediately report to the Probation Officer any unauthorized contact with anyone under 18 years old.

g.   Defendant shall not reside or loiter within 1,000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

h.   Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, or strip clubs. Defendant shall not use any sex-related adult telephone number, Internet access, or social media platform. Defendant shall provide to the Probation Officer all of Defendant's telephone and Internet records to monitor compliance, at the direction of the Probation Officer.

i.   Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is

PLEA AGREEMENT - 17

1   attending school.  Defendant shall provide verification of
2   compliance with this requirement to the Probation Officer.
3   j.   Defendant shall complete a sex offender evaluation, which may
4        include periodic psychological and polygraph testing, at the
5        direction of the Probation Officer.
6   k.   Defendant shall participate and successfully complete an
7        approved state-certified sex offender treatment program,
8        including compliance with all lifestyle restrictions and
9        treatment requirements of the program.  Defendant shall allow
10       reciprocal release of information between the Probation Officer
11       and the treatment provider.  Defendant shall contribute to the
12       cost of treatment according to Defendant's ability.
13  In exchange for the benefits Defendant is receiving by entering into this Plea
14  Agreement, Defendant hereby agrees not to seek to modify any of the agreed-upon
15  conditions set forth herein without first obtaining agreement to the modification by
16  the United States, nor file a motion for early termination of Supervised Release
17  until he has served at least ten consecutive years of Supervised Release.  Defendant
18  understands, acknowledges, and agrees that Defendant's filing of a motion for
19  early termination of Supervised Release prior to such time will constitute
20  immediate breach of this Plea Agreement, and Defendant agrees not to challenge
21  or object to a motion by the United States seeking a judicial finding of breach.
22  Defendant understands and acknowledges that if Defendant breaches this Plea
23  Agreement by filing a motion for early termination of supervised release, then:
24  a.   Any obligations, commitments, or representations made by the
25       United States in this Plea Agreement shall become null and
26       void;
27  b.   The United States may prosecute Defendant on all available
28       charges;

PLEA AGREEMENT - 18

1          c.    The United States may reinstate any counts that have been

2                dismissed, have been superseded by the filing of another

3                charging instrument, or were not charged because of this Plea

4                Agreement; and

5          d.    The United States may file any new charges that would

6                otherwise be barred by this Plea Agreement.

7      The decision to pursue any or all of these options is solely in the discretion

8  of the United States Attorney's Office.

9      Defendant agrees to waive any objections, motions, and/or defenses

10 Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

11 charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

12 dismissed, including any claim alleging a violation of Double Jeopardy.

13     Defendant agrees not to raise any objections based on the passage of time,

14 including but not limited to alleged violations of any statutes of limitation or any

15 objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

16 Amendment.

17     13.    Criminal Fine

18     The United States and Defendant may make any recommendation

19 concerning the imposition of a criminal fine. Defendant acknowledges that the

20 Court's decision regarding a fine is final and non-appealable; that is, even if

21 Defendant is unhappy with a fine ordered by the Court, that will not be a basis for

22 Defendant to withdraw Defendant's guilty plea, withdraw from this Plea

23 Agreement, or appeal Defendant's conviction, sentence, or fine.

24     14.    Judicial Forfeiture

25     Defendant agrees to voluntarily forfeit and relinquish to the United States all

26 right, title and interest in all assets listed herein, and hereby agrees to execute any

27 and all forms and pleadings necessary to effectuate such forfeiture of assets,

28 including, but not limited to the following:

PLEA AGREEMENT - 19

1    -   a Black Samsung Galaxy S9+; and,

2    -   a Samsung Galaxy A03S Model: SM-134DL.

3    Defendant stipulates that Defendant is the sole owner of the assets listed

4    above and that no one else has an interest in these assets.

5    Defendant acknowledges that the assets listed above, which Defendant is

6    agreeing to forfeit, are subject to forfeiture as property used or intended to be used

7    in any manner or part to commit or to facilitate the commission of the offense to

8    which Defendant is pleading guilty.

9    Defendant agrees to take all steps requested by the United States to pass

10   clear title to these assets to the United States, and to testify truthfully in any

11   forfeiture proceeding.

12   Defendant agrees to hold harmless all law enforcement agents/officers, and

13   the United States, its agents, and its employees from any claims whatsoever arising

14   in connection with the seizure and/or forfeiture of the assets listed above.

15   Defendant waives further notice of any federal, state or local proceedings

16   involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in

17   this Plea Agreement.

18   Defendant waives all constitutional, equitable and statutory challenges in

19   any manner (including direct appeal, habeas corpus, or any other means) to any

20   forfeiture carried out in accordance with this Plea Agreement on any grounds,

21   including that the forfeiture constitutes an excessive fine or punishment.

22   Defendant knowingly and voluntarily waives Defendant's right to a jury trial

23   on the forfeiture of these assets. Defendant waives oral pronouncement of

24   forfeiture at the time of sentencing, and any defects that may pertain to forfeiture.

25   15.   Mandatory Special Penalty Assessment

26   Defendant agrees to pay the $100 mandatory special penalty assessment to

27   the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C.

28   § 3013.

PLEA AGREEMENT - 20

Defendant agrees that, pursuant to the JVTA, the Court shall impose an additional mandatory special assessment of $5,000, absent a judicial finding of indigence.

Defendant agrees that, pursuant to the AVAA, the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $50,000, as set forth in 18 U.S.C. § 2259A. Defendant also understands and agrees that pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Neither party may withdraw from the Plea Agreement based on the ultimate special penalty assessment(s) imposed.

16.    Restitution

The United States and Defendant agree that restitution is required. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims. *Paroline v. United States*, 572 U.S. 434 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663A(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims depicted in child pornography that Defendant distributed, transported, received, and/or possessed, as set forth in the discovery in this case, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

PLEA AGREEMENT - 21

1    Defendant understands that for purposes of 18 U.S.C. § 2259, "victim"

2  means the individual harmed as a result of a commission of the crime, including,

3  in the case of a victim who is under 18 years of age, the legal guardian of the

4  victim. The United States and Defendant also hereby stipulate and agree that the

5  Court shall order full restitution, as appropriate, to any entity, organization,

6  insurance company, individual, and/or medical provider who provided medical

7  services and/or funds related to the treatment of any victim related to

8  Defendant's commission of the crime to which he is pleading.

9    With respect to restitution, the United States and Defendant agree to the

10  following:

11                a.    Restitution Amount and Interest

12    The United States and Defendant hereby stipulate and agree that, pursuant to

13  18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an

14  amount to be determined at or before sentencing, but which is not less than $3,000

15  per victim. The interest on this restitution amount should be waived. Defendant

16  acknowledges that Defendant may not withdraw from the Plea Agreement based

17  on the amount of restitution that the Court orders.

18                b.    Payments

19    The United States and Defendant agree that if the Court imposes restitution,

20  the Court will set a restitution payment schedule based on Defendant's financial

21  circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less

22  than 10% of Defendant's net monthly income towards any restitution obligation.

23                c.    Treasury Offset Program and Collection

24    Defendant understands the Treasury Offset Program ("TOP") collects

25  delinquent debts owed to federal agencies. If applicable, the TOP may take part or

26  all of Defendant's federal tax refund, federal retirement benefits, or other federal

27  benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C.

28  § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

1    Defendant understands that the United States may, notwithstanding the

2   Court-imposed payment schedule, pursue other avenues to ensure the restitution

3   obligation is satisfied, including, but not limited to, garnishment of available funds,

4   wages, or assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

5    Nothing in this acknowledgment shall be construed to limit Defendant's

6   ability to assert any specifically identified exemptions as provided by law, except

7   as set forth in this Plea Agreement.

8    Until Defendant's fine and restitution obligations are paid in full, Defendant

9   agrees fully to disclose all assets in which Defendant has any interest or over

10   which Defendant exercises control, directly or indirectly, including those held by a

11   spouse, nominee or third party.

12    Until Defendant's fine and restitution obligations are paid in full, Defendant

13   agrees to provide waivers, consents, or releases requested by the U.S. Attorney's

14   Office to access records to verify the financial information.

15        d.    Obligations, Authorizations, and Notifications

16    The Defendant agrees to truthfully complete the Financial Disclosure

17   Statement that will be provided by the earlier of 30 days from the Defendant's

18   signature on this plea agreement or the date of the Defendant's entry of a guilty

19   plea, sign it under penalty of perjury and provide it to both the United States

20   Attorney's Office and the United States Probation Office.  The parties agree that

21   Defendant's failure to timely and accurately complete and sign the Financial

22   Disclosure Statement, and any update thereto, may, in addition to any other penalty

23   or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G

24   §3E1.1.

25    The Defendant expressly authorizes the United States Attorney's Office to

26   obtain a credit report on Defendant upon the signing of this Plea Agreement. Until

27   the fine or restitution order is paid in full, Defendant agrees to provide waivers,

28   consents or releases requested by the United States Attorney's Office to access

PLEA AGREEMENT - 23

1  records to verify the financial information.

2  The Defendant agrees to notify the Financial Litigation Unit of the United

3  States Attorney's Office before Defendant transfers any interest in property with a

4  value exceeding $1,000 owned directly or indirectly, individually or jointly, by

5  Defendant, including any interest held or owned under any name, including trusts,

6  partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant

7  shall notify the court and the United States Attorney's Office within a reasonable

8  period of time, but no later than 10 days, of any material change in Defendant's

9  economic circumstances that might affect defendant's ability to pay restitution,

10  including, but not limited to, new or changed employment, increases in income,

11  inheritances, monetary gifts or any other acquisition of assets or money.

12  Until the fine or restitution order is paid in full, the Defendant agrees to

13  disclose all assets in which the Defendant has any interest or over which Defendant

14  exercises control, directly or indirectly, including those held by a spouse, nominee

15  or third party.

16  Pursuant to 18 U.S.C. § 3612(b)(1)(F) the Defendant understands and agrees

17  that until a fine or restitution order is paid in full, the Defendant must notify the

18  United States Attorney's Office of any change in the mailing address or residence

19  address within 30 days of the change.

20  Defendant acknowledges that the Court's decision regarding restitution is

21  final and non-appealable; that is, even if Defendant is unhappy with the amount of

22  restitution ordered by the Court, that will not be a basis for Defendant to withdraw

23  Defendant's guilty plea, withdraw from this Plea Agreement, or appeal

24  Defendant's conviction, sentence, or restitution order.

25  17.  Payments While Incarcerated

26  If Defendant lacks the financial resources to pay the monetary obligations

27  imposed by the Court, Defendant agrees to earn money toward these obligations by

28  participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT - 24

1    18.   Notice of Sex Offender Registration:

2          Defendant understands that by pleading guilty, Defendant will be required to

3    register as a sex offender upon release from prison as a condition of supervised

4    release, pursuant to 18 U.S.C. § 3583(d).

5          Defendant also understands that independent of Defendant's term of

6    supervised release, Defendant will be subject to federal and state sex offender

7    registration requirements, and that those requirements may apply throughout

8    Defendant's lifetime.

9          Defendant agrees that during the duration of Defendant's registration

10   requirement, Defendant will keep Defendant's registration current with the state

11   sex offender registration agency or agencies of any state in which Defendant lives

12   or resides for more than 72 hours.

13         Defendant agrees that during the duration of Defendant's registration

14   requirement, Defendant will notify and verify with the state sex offender

15   registration agency or agencies of any state in which Defendant lives or resides for

16   more than 72 hours, of changes to Defendant's name, place of residence, place of

17   employment, education, or religious worship, and any other information required

18   by such agency or agencies.

19         Defendant understands that Defendant will be subject to possible federal and

20   state penalties for failure to comply with any such requirements.  Defendant

21   understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law

22   enforcement agencies upon Defendant's release from confinement.

23         As a condition of Supervised Release, Defendant shall initially register with

24   the state sex offender registration of the state of Defendant's release, and shall also

25   register with the state sex offender agency in any state where defendant resides, is

26   employed, works, or is a student, as directed by the Probation Officer.

27         Defendant shall provide proof of registration to the Probation Officer within

28   72 hours of release.

PLEA AGREEMENT - 25

1    19.    <u>Additional Violations of Law Can Void Plea Agreement</u>

2    The United States and Defendant agree that the United States may, at its

3    option and upon written notice to the Defendant, withdraw from this Plea

4    Agreement or modify its sentencing recommendation if, prior to the imposition of

5    sentence, Defendant is charged with or convicted of any criminal offense or tests

6    positive for any controlled substance.

7    20.    <u>Waiver of Appeal Rights</u>

8    Defendant understands that Defendant has a limited right to appeal or

9    challenge Defendant's conviction and the sentence imposed by the Court.

10    In return for the concessions that the United States has made in this Plea

11    Agreement, Defendant expressly waives all of Defendant's rights to appeal

12    Defendant's conviction and the sentence the Court imposes, if the Court imposes a

13    term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea

14    Agreement. Defendant further expressly agrees that if the Court indicates its intent

15    to impose a sentence higher than the term or range consistent with the Rule

16    11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from

17    the sentencing hearing to file with the Court a notice of withdrawal from the Rule

18    11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to

19    withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days

20    after the Court either imposes a sentence higher than the term or range consistent

21    with the Rule 11(c)(1)(C) terms of this Plea Agreement, or indicates its intent to do

22    so.

23    Defendant expressly waives Defendant's right to appeal any fine, term of

24    supervised release, and restitution order.

25    Defendant expressly waives the right to file any post-conviction motion

26    attacking Defendant's conviction and sentence, including a motion pursuant to 28

27    U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

28

PLEA AGREEMENT - 26

1  information not now known by Defendant and which, in the exercise of due
2  diligence, Defendant could not know by the time the Court imposes sentence.
3      Nothing in this Plea Agreement shall preclude the United States from
4  opposing any post-conviction motion for a reduction of sentence or other attack
5  upon the conviction or sentence, including, but not limited to, writ of habeas
6  corpus proceedings brought pursuant to 28 U.S.C. § 2255.
7      21.    Pending Chelan County Charges
8      Defendant is charged in Chelan County Superior Court with six counts of
9  Sexual Exploitation of a Minor, five counts of Dealing in Depictions of a Minor
10 Engaged in Sexually Explicit Conduct in the First Degree, six counts of Possession
11 of Depictions of a Minor Engaged in Sexually Explicit Conduct in the First
12 Degree, Communication with a Minor for Immoral Purposes, Commercial Sexual
13 Abuse of a Minor, and Rape in the Third Degree, in Case No. 23-1-00801-32.
14     The Chelan County Prosecutor has agreed to dismiss these pending charges,
15 if Defendant does not breach this federal Plea Agreement and is sentenced in
16 accordance with the terms of this federal Plea Agreement.
17     22.    Douglas County Charges
18     Defendant has no pending charges related to these matters in Douglas
19 County; however, Defendant was previously charged with sexual assault involving
20 Minor Victim S. The Douglas County Prosecutor's Office has agreed not to re-file
21 charges stemming from these matters if Defendant does not breach this federal
22 Plea Agreement and is sentenced in accordance with the terms of this federal Plea
23 Agreement.
24     23.    Withdrawal or Vacatur of Defendant's Plea
25     Should Defendant successfully move to withdraw from this Plea Agreement
26 or should Defendant's conviction be set aside, vacated, reversed, or dismissed
27 under any circumstance, then:
28

PLEA AGREEMENT - 27

a. Any obligations, commitments, or representations made by the United States in this this Plea Agreement shall become null and void;

b. The United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

24. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 28

1    This Plea Agreement is binding only on the United States Attorney's Office

2  for the Eastern District of Washington, and cannot bind other federal, state, or local

3  authorities.

4    The United States and Defendant agree that this Agreement cannot be

5  modified except in a writing that is signed by the United States and Defendant.

6

7                          Approvals and Signatures

8    Agreed and submitted on behalf of the United States Attorney's Office for

9  the Eastern District of Washington.

10  Richard R. Barker
    Acting United States Attorney
11

12  _____        _____6/11/25_____
                                              Date
13  Ann T. Wick
    Assistant United States Attorney

14
      I have read this Plea Agreement and I have carefully reviewed and discussed
15
    every part of this Plea Agreement with my attorney. I understand the terms of this
16
    Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and
17
    voluntarily. I have consulted with my attorney about my rights, I understand those
18
    rights, and I am satisfied with the representation of my attorney in this case. No
19
    other promises or inducements have been made to me, other than those contained
20
    in this Plea Agreement. No one has threatened or forced me in any way to enter
21
    into this Plea Agreement. I agree to plead guilty because I am guilty.
22

23  _____        06-11-25
                                              Date
24  MICHAEL AVILA ESPINOZA
    Defendant Avilez
25

26    I have read the Plea Agreement and have discussed the contents of the

27  agreement with my client. The Plea Agreement accurately and completely sets

28  forth the entirety of the agreement between the parties. I concur in my client's

PLEA AGREEMENT - 29

decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    6/11/2025
Lorinda Youngcourt                                Date
Attorney for Defendant

PLEA AGREEMENT - 30