Lorinda Meier Youngcourt
Senior Litigator, IN 14411-49, WA 50998
Federal Defenders of Eastern WA & ID
601 W Riverside Ave., Suite 900 | Spokane, WA 99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org
Counsel for Michael Avilez Espinoza

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
The Honorable Thomas O. Rice, U.S. District Court Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:23-cr-30-TOR |
| v. | |
| | SENTENCING MEMORANDUM |
| MICHAEL AVILEZ ESPINOZA, | |
| Defendant. | |

SENTENCING MEMORANDUM - 1

Michael Espinoza is not sexually attracted to children.[1]  He is a sex addict[2] who was looking for consenting adults[3] with whom to have sexual encounters.[4]

Michael knew that his compulsion to masturbate and constant urge for intercourse was out of control and he sought counseling.  In his first session, he disclosed his primary concern was his sexual addition.[5]  Despite being unqualified to treat Michael, the therapist engaged him in "talk therapy" designed for couples counseling.  Michael's cry for help went unanswered.[6]

Michael's addiction led him to "meeting different people across varying ages, builds, and anatomy for sex."[7]  With the consent of his partners he would record his encounters for an aid in masturbation between sexual encounters.  His partners were often people whom he was not attracted to, including men, transvestites, older people, and overweight people.  While his ideal partner was a thin, mid-20's female, his compulsion to have sex would outweigh his repulsion towards many of his partners.

---

[1] Exhibit A (Psychological report), p. 8.
[2] Ex A, p. 13.  Robert Cosby, Psy.D, notes that hypersexuality is associated with unusually high testosterone levels.  Michael's medical records document a high testosterone level.  *Id.* at 15.
[3] The age of consent in the State of Washington, where the activities occurred is 16.  RCW 9A.44.093.
[4] Ex A, p. 12.
[5] Ex A, p. 6.
[6] Dr. Cosby noted, "a responsible therapist would have referred Mr. Espinoza to a treatment providers who specializes in sexual addictions.  Instead, the treatment continued until Mr. Espinoza felts it was ineffective and discontinued (February 18, 2022).  As such, the examiner's opinion is that this treatment should not be considered, nor confused for, a failed treatment attempt." Ex A., p. 6.
[7] Ex A., p. 7.

SENTENCING MEMORANDUM - 2

Michael used social media apps to find sexual partners. Both H.F.[8] and S.T.[9] posted themselves to "meet up" websites, lied about their ages, and were soliciting men with whom to have sexual contact. In their multiple interviews, they each admit to looking for older men with whom to have sex hoping to get money and/or presents.[10]

Michael admits that despite questioning their true ages, he recorded his sexual encounters with both H.F. and S.T. Michael now recognizes that while H.F.'s and S.T.'s behaviors were salacious and they presented themselves as consensual sexual partners, he was one more man in a string of men who victimized them. H.F. and S.T. are victims of his actions.

In the digital evidence there is no history of Michael searching for children or child pornography. He was not searching for females under the age of consent or even under the age of 18. He did not participate in on-line communities devoted to child sexual exploitation or collect child pornography. There is absolutely no evidence that Michael is a child predator or sexually attracted to children.

---

[8] H.F. told investigators during an audio recorded interview that she "put out that she was looking for meet ups." H.F. was 16 years old and could legally consent to sexual intercourse.

[9] S.T. told Michael she was 18 and attending college in recovered messages. She told investigators, "I was whoring around to get my way." In later interviews with law enforcement, S.T. claims that during one of their sexual encounters she told Michael her true age. He denies she ever told him she was 12 years old but acknowledges that to himself he questioned whether she was really 18 after meeting her in person.

[10] H.F. reported that Michael gave her money on one occasion when she told him that she was hungry and needed some food.

SENTENCING MEMORANDUM - 3

1   H.F. told investigators that she asked Michael to send her the recording she
2   knew was being made. Michael complied. S.T. made the same request, and he sent
3   her the recording of their sexual encounter. He sent one of the videos to a "hook up
4   buddy" for safe keeping – not for that individual's use – so that he could access it
5   later. Because Michael was hiding his addiction from his wife, he deleted all videos,
6   photos, chats, and the "meet up" app from his phone regularly.[11]

7   Because Michael is not a child predator who was creating child pornography
8   for distribution the Court should impose a sentence of 15 years imprisonment, the
9   low end of the Rule 11(c)(1)(C) range agreed to by the government.

10   Fifteen years imprisonment is sufficient but not greater than necessary to
11   satisfy the 18 U.S.C. § 3553(a) sentencing factors. The nature and circumstances of
12   this offense are unlike those in most cases of child pornography production. Michael
13   has no history of crimes against children. He has no history of viewing, possessing, or
14   distributing child pornography. This offense is not the result of an attraction to
15   children but rather an untreated sexual addiction.

16   Michael's history and characteristics support a 15-year sentence. Michael's
17   childhood was deplorable. He had no parental supervision and observed domestic
18   violence. His mother is intellectually disabled (unable to hold a job, spell simple
19   words, or even cook). His father does not speak English and Michael does not speak

---

[11] Ex A., p. 8.

SENTENCING MEMORANDUM - 4

Spanish. And his father has another family in Mexico. Michael was repeatedly without a home beginning at the age of 8 and in and out of the foster care system until the age of 12 when it became his permanent residence. His education was interrupted by homelessness and repeated moves.

Michael is loved by his wife and children.[12] His imprisonment negatively impacts his wife and children who miss him very much.

Dated: November 5, 2025

*/s/Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt
Counsel for Michael Avilez Espinoza

### Certificate of Service

I certify that on November 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

*/s/Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt

---

[12] Exhibit B (Letter from Skylar Espinoza).

SENTENCING MEMORANDUM - 5